Green, J.
delivered the opinion of the court.
1. The general appearance to a sci. fa., and demurrer for the defendants by counsel, cannot be regarded as an appearance for the infants, who were not served with process.
In this case, especially, it cannot be so regarded, because the sci. fa. commands the sheriff to make it known to the guardians of the infants and not to them personally; therefore when the record shows that the defendants by their counsel demurred, it cannot be intended that the infants, against whom no process had been issued, appeared by counsel.
2. But the court told the jury that if the process had not been served on the infants, it was void as to them, and if void as to the infants, it was void as to the adult defendants, notwithstanding they appeared and put in a demurrer. Although the first branch of this proposition be true, we do not think the latter follows as a consequence.
The infants were not before the court, by the service of the sci. fa. on them personally, and therefore as to them the judgment is void. 10 Yer. Rep. 237. And as all the parties were not before the court, the judgment against the adults was irregular, and could have been reversed in to- *619 io, by writ of error. 2 Petersdoff, 578, pl. 5. But although erroneous, it was not void, as to those defendants who were properly before the court. Therefore, we do not think that for this reason, the sale was void; but on the contrary, that the title to the land of the adult heirs, might pass to the purchaser at such sale.
3. The court erred also in rejecting the deposition of the sheriff — which was taken to prove that one of the defendants in the execution was in possession of the land at the time of the sale, and that he had not given the twenty days notice required by the act of 1799, c. 14, § I.
It has always been holden that although the sheriff, who sold the land, was not bound to give evidence, that he had failed to discharge his duty, yet, if he voluntarily chose to do so, he was a competent witness.
4. The court erred in telling the jury, that the possession of C. C. Clements, by virtue of a verbal contract of purchase from Bailey, could not be coupled with his possession, after he had received a deed, so as to protect him by the statute of limitation.
If Clements went into possession, by virtue of a verbal contract of purchase from Bailey, he thereby became tenant at will of Bailey, and his possession, was a possession under the deed of Bailey, which might be coupled with the possession under his own deed, after he had obtained one, so as to protect him by the statute of limitations, if the evidence showed seven years of continuous adverse possession. Jackson, ex dem. Young et als vs. Ellis and White, 18 John Rep. 118.
Let the judgment be reversed and the cause remanded for another trial.